## W. B. HILL AND OTHERS v. A. PARKER.

A married woman died intestate in 1847, leaving a surviving husband and infant children, and a stock of cattle which were community property. No administration on her estate was ever had, nor does it appear that at her death she owed any individual or community debts. The husband retained the stock until his death, in 1862; and it was inventoried by his administrator as part of his estate, and, as such, was subsequently sold under an order of the probate court. In 1868, suit for one-half of the stock was brought by the children, as heirs of their mother, against a defendant who had bought the stock from the purchaser at the sale of their father's administrator. *Held*, that fifteen years having elapsed between the death of the plaintiffs' mother and that of their father, the law presumes the payment of any community indebtedness which may have existed at her death. *Held further*, that half of the stock descended to the plaintiffs at their mother's death, in 1847; and their father's administrator had no right to inventory their half as part of his decedent's estate, nor could the probate court empower him to sell it as such. *And*

Opinion of the Court.

*further held,* that as the defendant claimed the stock under the administrator's sale, it was competent for the plaintiffs to adduce against him as evidence a decree of a District Court rendered in a suit brought by the present plaintiffs against the administrator, and adjudging to them one-half of the stock.

APPEAL from Burleson. Tried below before the Hon. J. M. Onins.

The material facts are stated in the head-note as definitely as they appear in the record.

*Sayles & Bassetts,* for the appellants.

*J. E. & Seth Shepard,* for the appellee.

WALKER, J. The children and heirs of Maria L. Hill, at the death of their mother in 1847, she dying intestate, took an absolute estate in her share of the community property belonging to her and her husband W. W. Hill, subject only to the individual debts of their mother and the community debts of their parents.

W. W. Hill, the father, survived his wife about fifteen years, during which time the community property remained in his hands. No administration was ever had upon the estate of Maria L. Hill, nor does it appear that she left individual debts at her death, nor that there were any community debts against the community estate; and if there had been, after the lapse of fifteen years the law would presume them to have been paid. The administrator or executor of W. W. Hill had no right to invoice the children's share of community property, as part of the estate of W. W. Hill; nor could an order of the probate court confer any right to sell it. The purchaser at such a sale would take no title.

It was error in the court below to exclude the record evidence of the former action of the District Court, in setting aside the property in controversy to the appellants. Though Parker, the appellee, was not a party to that suit, he derives his title to

the cattle in controversy through the administrator of W. W. Hill, and is therefore a privy in estate. The record was important and competent evidence.

The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.